UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY SANTOS<br>908 Orchard Way<br>Silver Spring, MD 20904,<br><br>    Plaintiff,<br><br>v.<br><br>VAN NESS LIMITED PARTNERSHIP<br>D/B/A DAYS INN WASHINGTON, D.C.<br>-CONNECTICUT AVE.,<br><br>Serve:<br><br>TRAC- The Registered Agent Company<br>    Registered Agent<br>    1090 Vermont Ave. NW, Suite 910<br>    Washington, D.C. 20005,<br><br>    Defendant. | Case: 1:14-cv-01717<br>Assigned To : Jackson, Ketanji Brown<br>Assign. Date : 10/14/2014<br>Description: General Civil<br><br>**JURY TRIAL DEMANDED**<br><br>**ORIGINAL** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, through counsel, for his complaint against Defendant, respectfully states as follows:

### PARTIES

1. Plaintiff Randy Santos ("Mr. Santos") is, and at all relevant times has been, a professional photographer based in the metropolitan Washington D.C. area. Mr. Santos's livelihood and his family's livelihood depend on revenues from Mr. Santos selling his copyrighted photographs. Mr. Santos is a resident of the State of Maryland. He sells his photographs through the websites he maintains at www.dcstockimages.com, www.dcstockphotos.com, and www.randysantos.com, all of which provide express written

RECEIVED
Mail Room

OCT 14 2014

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

notice of Mr. Santos's ownership of copyrights in the images offered for sale or license. (Exs. A, B and C). These three copyright notices were present and visible at the time Days Inn copied and reproduced Mr. Santos's copyrighted cherry blossom photograph.

2. Mr. Santos is the owner of the entire right, title and interest in and to a copyrighted photograph depicting cherry blossoms in Washington D.C. (the "Copied Photograph") (Exhibit D) registered with the United States Copyright Office pursuant to registration numbers VAu747-408 (the "Santos Copyright") (Exhibit E), and of the copyright therein. The effective date of the Santos Copyright is July 24, 2007.

3. Defendant Van Ness Limited Partnership d/b/a Days Inn Washington, DC-Connecticut Avenue ("Days Inn") is, and at all relevant times has been, a hotel servicing the Washington D.C. area. Defendant is a business corporation with its principal place of business at 4400 Connecticut Ave. NW. in Washington, D.C. Days Inn maintains a Facebook page for purposes of commercial advertising and promotion at https://www.facebook.com/DaysInnDC. Defendant operates in Washington, D.C. its business which was advertised through the infringing Copied Photograph. Defendant's trade name "Days Inn" or "Days Inn Washington, DC- Connecticut Avenue" is not a registered trade name as required by D.C. Code § 47-2855.02.

## NATURE OF THE ACTION

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction under 17 US.C. § 101 *et seq.*; 28 US.C. § 1331 (federal question jurisdiction); and 28 US.C. § 1338(a) (exclusive federal jurisdiction over copyright actions).

6. Mr. Santos is the owner of the entire right, title and interest in and to the Copied Photograph and the Santos Copyright and therefore has standing to sue for infringement.

7. Venue in this District is proper under 28 US.C. §1400(a) because Defendant may be found and is located in this District. Personal jurisdiction in this District is proper because Defendant, without the consent of or permission from Mr. Santos, reproduced and publicly displayed over the Internet in this District a copyrighted work for which Plaintiff has exclusive rights, and because Defendant is present in and is located in Washington, D.C.

8. Defendant is subject to personal jurisdiction in this District and has committed acts of infringement within this District as it transacts business in, is found in, and is located in, this District.

9. Defendant's unauthorized copying, display and use of the Copied Photograph on its Facebook advertising page for the purpose of advertising its services in this District and in interstate commerce is without authority and infringes Mr. Santos's copyright in clear violation of the Act.

## STATEMENT OF FACTS

*Mr. Santos's Copyright*

10. The Santos Copyright was duly issued and registered to Mr. Randy Santos, the sole author of the subject matter claimed therein, on July 24, 2007. Days Inn's infringement commenced after the date of registration.

11. Mr. Santos has a disabled child. He and his family depend for their livelihood on people buying, rather that copying and misappropriating, Mr. Santos's copyrighted photographs.

*Days Inn's Infringement*

12. Days Inn has infringed and has willfully infringed the Santos Copyright in violation of the Act by displaying the Copied Photograph on its Facebook page without

authorization for the purposes of commercial advertising and promotion (Exhibit F). It is clear from the reduced size of the image that Days Inn took a screenshot of Mr. Santos's "Gallery List" page which displays smaller images without a visible watermark, although it still contains two copyright notices on the page. Days Inn took a screenshot from this page to avoid the watermark that appears on the bigger version of the Copied Photograph which is displayed on Mr. Santos's website. When searching the image using a Google image search, the only other website that appears is Mr. Santos's website, DCStockPhotos.com, where Mr. Santos explicitly admonishes that: "All content on this site, including all images and text, are © Randy Santos. No unauthorized use of any content without written permission." (Ex. A). The copyright notice for the Copied Photograph was published, posted and available at the time of Days Inn's copying. Further, once copied and posted on Days Inn's Facebook advertising page, the Copied Photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing Mr. Santos's ability to secure his intellectual property rights and to earn a living from his art.

13. The parties have been unable to resolve this matter out of court since Mr. Santos sent a cease and desist and demand letter to Days Inn on July 8, 2013.

### COUNT I
### COPYRIGHT INFRINGEMENT

14. The foregoing allegations and averments to this Complaint are incorporated by reference into this Count I as though expressly stated therein.

15. Plaintiff is the registered owner of all right, title, and interest in and to the Copied Photograph that appeared on the Facebook advertising page owned by Defendant. Plaintiff has registered the copyright of the relevant photograph of the cherry blossoms pursuant to a valid

Certificate of Copyright Registration number VAu747-408, registered in 2007 and issued by the Register of Copyrights. This work is referred to herein as the "Copied Photograph."

16. Plaintiff sells his photographs through websites he maintains at www.dcstockimages.com, www.dcstockphotos.com, and www.randysantos.com. On his websites, Plaintiff puts users on notice that the images appearing thereon are copyrighted and for sale and that unauthorized use or reproduction is prohibited. (Exs. A-C).

17. Defendant, without the permission or consent of Plaintiff, has reproduced and displayed to the public the Copied Photograph on Defendant's Facebook advertising page at www.facebook.com/DaysInnDC. (Ex. F).

18. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and public display. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*). Defendant intentionally and wrongfully used Plaintiff's Copied Photograph to market and promote its facility and services, which means that Defendant leveraged the Copied Photograph for a commercial purpose and received or hoped to receive a financial benefit from its use of the Copied Photograph. Further, once copied and posted on Defendant's website, the Copied Photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing Plaintiff's ability to secure his intellectual property rights and to earn a living from his art.

19. Even a minimal inquiry would have revealed to Days Inn that Mr. Santos was the owner of, and claimed exclusive copyright rights in, the Copied Photograph.

20. Even in federal copyright cases where infringement is *not* found to be willful, §504(c)(1) of the Act authorizes an award of statutory damages of $30,000 per infringing instance. In instances where the infringing misconduct is found to constitute "willful" infringement,

§504(c)(2) of the Act provides that "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Willful infringement includes cases in which the copier knew, had reason to know, or recklessly disregarded the fact that his or her conduct constituted copyright infringement. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Silver Ring Splint Co. v. Digisplint, Inc.*, 567 F.Supp.2d 847, 855 (W.D. Va. 2008) (awarding $30,000 in statutory damages).

21. Defendant's infringement was willful and intentional, and was committed with reckless disregard for, and with reckless or intentional indifference to, the rights of Plaintiff.

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to attorneys' fees and costs pursuant to 17 US.C. § 505.

## COUNT II
## REMOVAL OF METADATA

23. Plaintiff re-states and re-alleges his foregoing allegations and averments into Count II of this Complaint as though fully set forth herein.

24. Defendant has, without the permission or consent of Plaintiff, actively tried to conceal its infringement of Plaintiff's copyright by altering and/or removing the metadata within Plaintiff's Copied Photograph, by re-naming the files, and then by posting the Copied Photograph to three locations on its Facebook advertising page. Facebook's terms of agreements state the following:

> For content that is covered by intellectual property rights, like photos and videos (IP content), you specifically give us the following permission, subject to your privacy and application settings: you grant us a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook (IP License). This IP License ends when you delete your IP content or your account unless your content has been shared with others, and they have not deleted it.

25. The result of Defendant's alteration or removal of the metadata within Plaintiff's Copied Photograph is that Plaintiff's Copied Photograph could have been repeatedly taken and used by anyone, including Facebook, and there was no method to track the point of origin or the holder of the copyright in and on the Copied Photograph.

26. The metadata within Plaintiff's Copied Photograph contains "copyright management information" ("CMI"), which is the name of the author or the copyright/license status of the work. The alteration and/or removal by Defendant of metadata which contains CMI constitutes a direct violation of 17 US.C. § 1202.

27. Defendants alteration, removal and destruction of Plaintiff's CMI were willful and intentional, and were committed with reckless disregard for and with deliberate indifference to the rights of Plaintiff.

28. As a result of Defendant's alteration, destruction and removal of the CMI and metadata within Plaintiff's Copied Photograph, Plaintiff is entitled to statutory damages pursuant to 17 US.C. § 1203(c)(3)(B).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. That this Court adjudge and decree that the Santos Copyright is valid and is enforceable against Days Inn.

B. That this Court adjudge and decree that Defendant has infringed the Santos Copyright; that its infringement was willful, and that it is liable to Mr. Santos for statutory damages in the amount of $150,000.00.

C. That this Court enter a permanent injunction providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copied Photograph and

any photograph, whether now in existence or later created, that is owned or controlled by Plaintiff, including without limitation by using the Internet to reproduce or copy any of Plaintiff's photographs, to distribute any of Plaintiff's photographs, or to make any of Plaintiff's photographs available to the public, except pursuant to a lawful license or with the express written consent of Plaintiff. Defendant also shall destroy all copies of Plaintiff's photographs that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those copied photographs transferred onto any physical medium or device in Defendant's possession, custody, or control.

  D. That this Court award Mr. Santos monetary damages through statutory damages pursuant to 17 U.S.C. § 504 in the amount of $150,000.00 based on Days Inn's willful infringement of the Santos Copyright

  E. That this Court award to Mr. Santos statutory damages pursuant to 17 US.C. § 1203(c)(3)(B) in the amount of $150,000.00.

  F. That this Court award Plaintiff his costs.

  G. That this Court award attorneys' fees in the amount of $50,000.00 to Mr. Santos and against Defendant pursuant to 35 U.S.C. § 285; and,

  H. That this Court award costs and any other such relief that this Court deems just and equitable, including without limitation prejudgment interest at the statutory rate from July 8, 2013.

## DEMAND FOR JURY TRIAL

Mr. Santos demands trial by jury on all issues so triable.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted,<br>RANDY SANTOS |
| DATED: October 9th, 2014 | By: | /s/ Michael C. Whitticar<br>Michael C. Whitticar (DCB# MI0074)<br>NOVA IP Law, PLLC<br>7001 Heritage Village Plaza, Suite 205<br>Gainesville, VA 20155<br>Phone: (571) 386-2980<br>mikew@novaiplaw.com<br>*Attorney for Plaintiff* |